IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNY MCGAIL SCOTT, #108249                                        PLAINTIFF

v.                                                        CIVIL NO. 3:25-cv-75-CWR-LGI

STATE OF MISSISSIPPI;
MDOC COMMISSIONER BURL CAIN;
JOHN/JANE DOE, CLASSIFICATION DIRECTOR;
JOHN/JANE DOE, DIRECTOR RECORDS DEPARTMENT;
PAROLE BOARD CHAIRMAN JEFFREY BELK;
PAROLE BOARD MEMBER ANTHONY SMITH; and
PAROLE BOARD MEMBER JAMES R. COOPER                  DEFENDANTS

## ORDER OF DISMISSAL

This cause is before the Court, sua sponte, for consideration of dismissal. Pro se Plaintiff Donny McGail Scott brings this civil rights Complaint under 42 U.S.C. § 1983, and he is proceeding *in forma pauperis* ("IFP"). *See* Order [13]. Upon liberal review of Plaintiff's Complaint [2] and Amended Complaint [10], the Court finds that this case should be dismissed.

**I.**     **Background**

Plaintiff is a post-conviction inmate incarcerated with the Mississippi Department of Corrections ("MDOC"). Plaintiff initially filed a Petition for Writ of Habeas Corpus wherein he sought habeas relief, injunctive relief, and monetary damages. *See Scott v. State of Miss.*, No. 3:24-cv-442-KHJ-MTP (S.D. Miss. May 6, 2025). The Court severed Plaintiff's request for non-habeas relief into this new civil action. *See* Order [1].[1]

Plaintiff is presently serving a term of imprisonment imposed after the revocation of his parole. Plaintiff claims that his parole was wrongfully revoked based on charges of felony child

---

[1] Plaintiff's sentence calculation issues, including credit for time spent in the Lauderdale County Jail, remained in Plaintiff's habeas corpus case and are not before the Court in this § 1983 case.

abuse that were later dropped. Plaintiff also complains that his custodial classification level was reduced to a more restrictive level based on these same felony child abuse charges. Plaintiff also alleges that these dismissed charges are preventing his placement in a community work center. Plaintiff seeks injunctive relief regarding his classification level and housing location. Plaintiff also seeks monetary compensation in the amount of seven million dollars for "pain and suffering" due to his incarceration. Am. Compl. [10] at 5.

## II.   Discussion

### A. Screening under the Prison Litigation Reform Act

The Prison Litigation Reform Act allows a district court to dismiss an IFP complaint "at any time" if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 202 (2007) (holding that Prison Litigation Reform Act mandates early judicial screening of prisoner complaints)); 28 U.S.C. § 1915. "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). As part of this screening, the Court "may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Id.*

Plaintiff is incarcerated and proceeding IFP, therefore his Complaint is subject to *sua sponte* screening under the Prison Litigation Reform Act. *See, e.g.*, *Jarvis v. Hall*, No. 22-60098, 2023 WL 3818377, at *2 (5th Cir. June 5, 2023) (affirming *sua sponte* dismissal of prisoner's § 1983 claims without holding a screening hearing). Having conducted the required screening, the Court finds that this civil action should be dismissed.

B.   Classification, custody-level, housing location

Plaintiff is asking this Court to direct MDOC to award him a classification level that allows his placement in a community work center.   The classification of prisoners is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250–51 (5th Cir. 1990) (citations omitted).   "[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation."   *Poree v. Akwitti*, 834 F. App'x 934, 934 (5th Cir. 2021) (quoting *Neals v. Norwood*, 59 F. 3d 530, 533 (5th Cir. 1995)).   Likewise, an inmate "has no constitutional right to be placed in the penal facility of his choice."   *Fuselier v. Mancuso*, 354 F. App'x 49, 49 (5th Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) ("[A] prisoner has no liberty interest in being housed in any particular facility).   MDOC's failure to award Plaintiff a specific custodial classification level or house him in a community work center does not violate his constitutional rights.   Thus, Plaintiff fails to state a claim for § 1983 relief in regard to his classification level and housing location.

C.   *Heck* Doctrine

Plaintiff's remaining § 1983 claims are subject to review under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "a state prisoner's § 1983 civil action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its

3

duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). In such cases, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. *Heck* applies to parole and probation revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (applying *Heck* to § 1983 claim that would, if successful, imply the invalidity of the revocation of plaintiff's probation and parole).

If the court were to find in Plaintiff's favor and determine that his parole was unlawfully revoked, it would necessarily imply the invalidity of Plaintiff's parole revocation and present incarceration. Therefore, this case may only proceed if Plaintiff demonstrates that his parole revocation has been invalidated. *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995)("[The plaintiff] has questioned the validity of the confinement resulting from his parole-revocation hearing, and he has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as *Heck* mandates.").

Plaintiff does not state that his parole revocation or present sentence has been invalidated by any of the means set forth in *Heck*. Therefore, Plaintiff's claims are barred "until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff's *Heck*-barred claims are dismissed as frivolous and for failure to state a claim under § 1915. *See, e.g., Robinson v. Texas Dep't of Crim. Just.-Bd. of Pardons & Parole*, 54 F. App'x 407, 407 (5th Cir. 2002) (finding district court properly dismissed prisoner's § 1983 claims as *Heck*-barred before service of process, without compelling defendants to respond, and without holding a *Spears* hearing).

4

### III.     Conclusion

Plaintiff's § 1983 Complaint is dismissed as legally frivolous and for failure to state a claim under the screening provisions of the Prison Litigation Reform Act.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pro se Plaintiff Donny McGail Scott's Complaint filed under 42 U.S.C. § 1983 is dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**SO ORDERED AND ADJUDGED,** this the 14th day of August, 2025.

*s/ Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE